**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TUCKER BIRKHEAD,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION NO.  25-2035** |
| **DOWNINGTOWN AREA SCHOOL DISTRICT, et al.,** | |
| **Defendants.** | |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                           **March 10, 2026**

Plaintiff Tucker Birkhead brought this action against Defendants Downingtown Area

School District ("the School District"), Robert O'Donnell, Louis Chance, Caroline Duda, and

Carrie Rowe, claiming violations of due process pursuant to 42 U.S.C. § 1983 after he was

demoted from Assistant Principal to the position of "teacher" following allegations of

inappropriate behavior.[1]

Before the Court are Defendants Downingtown Area School District, O'Donnell, Chance,

and Duda's (collectively, the "School District Defendants") Motion to Dismiss pursuant to

Federal Rule of Civil Procedure 12(b)(6)[2] and Defendant Rowe's Motion to Dismiss pursuant to

Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).[3]

I.      **BACKGROUND**

The following factual summary is based on the allegations in Plaintiff's complaint.

Plaintiff served as the Assistant Principal of the Marsh Creek Sixth Grade Center ("Marsh

---

[1] Compl. [Doc. No. 1].

[2] Sch. Dist. Defs.'. Mot. to Dismiss [Doc. No. 14].

[3] Def. Rowe Mot. to Dismiss [Doc. No. 19]. In the alternative, Defendant Rowe also moves for summary judgment.

Creek") in the School District from July 2014 until his demotion in December 2023.[4] An Assistant Principal is a tenured professional employee within the scope of the Pennsylvania Public School Code.[5] Under the Code, a professional employee may be terminated only for cause and after receiving a "detailed written statement of the charges" and a hearing.[6] A professional employee may not be demoted without the employee's consent unless the demotion is "subject to the right of a hearing before the board of school directors and an appeal in the same manner as . . . provided in the case of the dismissal of a professional employe[e]."[7]

Defendant Duda is the Director of Human Resources for the School District.[8] Defendant Chance is the Assistant Superintendent for the School District.[9] Defendant O'Donnell is the Superintendent or chief executive officer of the School District.[10] Defendant Rowe is the Secretary of the Pennsylvania Department of Education, and she is sued in her official capacity as the successor to Secretary Khalid Mumin, who was Secretary during the relevant time period.[11]

In August 2023, allegations of inappropriate conduct by Plaintiff were raised to Defendant Duda.[12] The allegations included claims that Plaintiff shared inappropriate photos with the principal, shared sexually inappropriate notes with another staff member, often made comments with sexual innuendo to or in front of other staff, made comments about the physical

---

[4] Compl. ¶ 23 [Doc. No. 1].

[5] 24 Pa. Stat. § 11-1101.

[6] 24 Pa. Stat. §§ 11-1122, 11-1127.

[7] 24 Pa. Stat. § 11-1151.

[8] Compl. ¶ 8 [Doc. No. 1].

[9] *Id.* ¶ 7.

[10] *Id.* ¶ 6.

[11] Id. ¶¶ 107, 4.

[12] *Id.* ¶¶ 35-38.

2

appearance of a parent, flirted with another member of staff in front of other staff members, and made comments regarding a former staff member's body.[13]

Plaintiff was notified of the allegations in a meeting with the principal of Marsh Creek and Defendants Duda and Chance on August 21, 2023.[14] In this meeting, Plaintiff was asked about two photos he shared with the principal—one showed Plaintiff with a statue of a sphinx with bare breasts (the "sphinx photo") and one showed the headless torso of the school's science teacher (a female staff member) in a tight t-shirt.[15] He was asked whether he flirts with the science teacher in front of other staff, which he denied.[16] Duda also asked Plaintiff about a comment he made to the principal about the physical appearance of a parent.[17] Finally, Plaintiff was asked "about a handful of other sporadic comments [Duda] purportedly heard about during her 'investigation'. . . [which] represent him as a current and longstanding user of sexual innuendo in the workplace."[18] At the conclusion of this meeting, Plaintiff was placed on administrative leave.[19]

Defendant Duda issued a Notice of Allegations to Plaintiff on August 23, 2023.[20] The notice ordered Plaintiff to report for "a meeting/informal hearing" pursuant to *Loudermill v. Cleveland Board of Education* (the "*Loudermill* hearing") on August 30, 2023.[21]

---

[13] *Id.* ¶¶ 43-44.

[14] *Id.* ¶¶ 35-41.

[15] *Id.* ¶¶ 28-33, 36.

[16] *Id.* ¶ 36.

[17] *Id.* ¶ 37.

[18] *Id.* ¶ 38.

[19] *Id.* ¶ 41.

[20] *Id.* ¶ 43.

[21] 470 U.S. 532 (1985); Compl. ¶¶ 43-74 [Doc. No. 1].

At the *Loudermill* hearing, Plaintiff, represented by counsel,[22] was asked to respond to the allegations.[23] He was also presented 10 emails between Plaintiff and other staff members, which he had not previously been provided, and was questioned about the content of the emails, which the school district claimed "apply to sexual innuendo."[24]

After the *Loudermill* hearing, Defendants Duda and Chance recommended Plaintiff be demoted on August 31, 2023.[25] Under the School Code, Birkhead was given the option to consent to the demotion or request a hearing before the School District's Board of School Directors (the "School Board").[26] Plaintiff requested a hearing before the School Board.[27]

The School Board issued a Statement of Charges on October 24, 2023.[28] A hearing was held before the School Board on November 29, 2023.[29] Before the hearing, Plaintiff, through counsel, requested the investigative file on which the claims were based.[30] This request was denied.[31] At the hearing, the *Loudermill* hearing transcript was entered as evidence over Plaintiff's objection, Plaintiff was asked about the allegations and the emails presented at the *Loudermill* hearing, and Defendant Duda testified and was cross-examined by Plaintiff's counsel.[32] After the hearing, the School Board demoted Plaintiff to the title of "teacher."[33]

---

[22] Compl. ¶ 52 [Doc. No. 1].

[23] *Id.* ¶¶ 59-73.

[24] *Id.* ¶¶ 63-69.

[25] *Id.* ¶ 75.

[26] *Id.* ¶¶ 80-82.

[27] *Id.* ¶¶ 80-82.

[28] *Id.* ¶ 82.

[29] *Id.* ¶ 83.

[30] *Id.* ¶ 84.

[31] *Id.* ¶ 85.

[32] *Id.* ¶¶ 86-99.

[33] *Id.* ¶ 100.

Plaintiff filed an appeal of the demotion with the Pennsylvania Secretary of Education.[34] He requested a subpoena compelling production of the investigative file and a deposition of Defendant Duda.[35] This request was denied.[36] Following briefing and oral argument, the Secretary upheld Plaintiff's demotion on July 16, 2024, issuing a written decision including findings of fact.[37] Plaintiff did not appeal the Secretary's decision to the Pennsylvania Commonwealth Court. He has remained employed by the School District since his demotion.[38]

On April 22, 2025, Plaintiff filed a five count complaint against the School District Defendants and Defendant Rowe. In the complaint, Plaintiff claims: deprivation of due process by Defendant Rowe (Count I), violation of due process by the School District (Count II), violation of due process by Defendant Duda (Count III), violation of due process by Defendant Chance (Count IV), and violation of due process by Defendant O'Donnell (Count V). The School District Defendants and Defendant Rowe each filed a motion to dismiss.

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) may be treated as a facial or a factual challenge to the Court's subject matter jurisdiction.[39] A facial attack challenges subject matter jurisdiction on the face of the pleadings, and a factual attack challenges the existence of jurisdiction "quite

---

[34] *Id*. ¶¶ 106-07.

[35] *Id*. ¶ 109.

[36] *Id*. ¶ 110.

[37] *Id*. ¶¶ 106-07, 109, 111, 115.

[38] *See id*. ¶ 23.

[39] *Gould Electronics Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

apart from any pleadings."[40] When considering a facial attack, the Court must accept the facts alleged in the complaint as true.[41]

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief can be granted, a pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[42] A claim has facial plausibility when the plaintiff pleads factual allegations that raise a right to relief above the speculative level.[43] Courts must consider the complaint in its entirety, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.[44]

At the motion to dismiss stage, the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom and view them in the light most favorable to the non-moving party."[45] However, the Court need not "credit bald assertions or legal conclusions" in a complaint when evaluating a motion to dismiss.[46]

## III.   DEFENDANT ROWE'S MOTION TO DISMISS

Defendant Rowe is the Chief Executive Officer of the Pennsylvania School Board and Secretary of the Pennsylvania Department of Education ("PDE"). Plaintiff sues Defendant Rowe in her official capacity. Plaintiff claims that Defendant Rowe violated the Due Process Clause by failing to issue regulations compelling school boards within Pennsylvania to comply with pre-

---

[40] *Mortensen*, 549 F.2d at 891.

[41] *Id*.

[42] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).

[43] *Twombly*, 550 U.S. at 556.

[44] *Tellabs*, 551 U.S. at 322.

[45] *DeBenedictis v. Merill Lynch & Co., Inc*., 492 F.3d 209, 216 (3d Cir. 2007).

[46] *Id.*

termination disclosure requirements after *Loudermill* clarified the requirements.[47] He also claims

that Defendant Rowe's failure to amend PDE regulations for Teacher Tenure Hearings and

Appeals deprives him of due process.[48] Plaintiff seeks declaratory and injunctive relief against

Defendant Rowe.

Defendant Rowe moves to dismiss under Rule 12(b)(1) for lack of jurisdiction and,

alternatively, under Rule 12(b)(6) for failure to state a claim.[49] She also moves for summary

judgment.[50]

### A.      Rule 12(b)(1) Lack of Jurisdiction

Defendant Rowe argues the claim against her is barred by the Eleventh Amendment.[51]

Jurisdictional issues, such as an Eleventh Amendment bar to suit, are properly argued at the

motion to dismiss stage.[52] Absent consent by the state, congressional abrogation, or waiver, the

Eleventh Amendment bars federal subject matter jurisdiction of suits by private parties against

states, state agencies, and state officials acting in their official capacity.[53] Pennsylvania has not

consented or waived this state sovereign immunity defense, and Congress has not abrogated

Eleventh Amendment immunity under § 1983.[54] The Eleventh Amendment bar extends to suits

---

[47] Compl. ¶ 118 [Doc. No. 1].

[48] *Id*. ¶ 119.

[49] Def. Rowe's Mem. Law. Supp. Mot. to Dismiss at 5-9 [Doc. No. 19].

[50] *Id*. at 1.

[51] *Id*. at 5-7.

[52] Fed. R. Civ. P. 12(b)(6)(1).

[53] *Idaho v. Coeur d'Alene Tribe,* 521 U.S. 261, 267-70 (1990); *Pennhurst State Sch. & Hosp.*, 465 U.S. 89, 98-100 (1984).

[54] *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("The two exceptions to state sovereign immunity do not apply.").

7

against departments or agencies of that state having no existence apart from the state,[55] including the Pennsylvania Department of Education ("PDE").[56]

The doctrine of *Ex parte Young* creates a narrow exception to state officials' Eleventh Amendment immunity.[57] It allows federal courts to "enjoin state officials to conform their future conduct to the requirements of federal law."[58] "In determining where the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a "straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."[59] This inquiry does not "include an analysis of the merits of the claim." [60] "An allegation of an ongoing violation of federal law . . . is ordinarily sufficient."[61] Aside from such injunctive relief, *Ex parte Young* may allow Eleventh Amendment exceptions for declaratory relief if "the prayer for declaratory relief adds nothing to the prayer for injunction."[62]

Plaintiff seeks prospective injunctive and correlating declaratory relief against Defendant Rowe in her official capacity as the Chief Executive Officer for the Pennsylvania Board of Education and as the Secretary of the PDE.[63] In essence, Plaintiff alleges that the regulations for

---

[55] *Laskis v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citation omitted).

[56] *See Jenn-Ching Luo v. Owen J. Roberts Sch. Dist.*, No. 24-3048, 2025 WL 2427190 at *6 (3d Cir. July 24, 2025) ("As an arm of the state, the PDE is generally immune from suit in federal court under the Eleventh Amendment.") (citing *Fitchik v. N.J. Transit Rail Operations, Inc.*, 863 F.2d 655, 658 (3d Cir. 1989)).

[57] 209 U.S. 123 (1908).

[58] *Quern v. Jordan*, 440 U.S. 332, 337 (1979).

[59] *Verizon Md., Inc. v. Pub. Serv. Com'n.*, 535 U.S. 635, 645 (2002) (quoting *Coeur d'Alene Tribe,* 521 U.S. 261, 296 (1997) (O'Connor, J., joined by Scalia and Thomas, JJ., concurring in part and concurring in judgment) (alteration omitted).

[60] *Id.* at 646 (citing *Coeur d'Alene Tribe*, 521 U.S. at 281).

[61] *Coeur d'Alene Tribe*, 521 U.S. at 281.

[62] *Id.*

[63] Compl. at 4, 30-32 [Doc. No. 1]. Plaintiff seeks relief, with specific regard to Defendant Rowe, in the form of: 1) a declaratory judgment that Defendant Rowe failed to adequately implement proceedings under the Pennsylvania

Teacher Tenure Hearing and Appeals under the Pennsylvania School Code,[64] which are issued by the Secretary, violate federal law by failing to comply with the due process requirements established by the Supreme Court in *Loudermill.*[65] He seeks prospective relief to remedy this ongoing violation of federal law via an injunction on Defendant Rowe in her official capacity to amend these regulations for future compliance.[66] The Court need not analyze the merits of the claims to allow such a claim to withstand the Eleventh Amendment bar under the *Ex parte Young* exception.[67] By alleging an ongoing violation of federal law, Plaintiff's prayer for injunctive relief against Defendant Rowe for amendment of the regulations is not barred by the Eleventh Amendment.

While Plaintiff's claim for injunctive relief is not barred by the Eleventh Amendment, Plaintiff must have standing to sue Defendant Rowe for that relief. Federal court jurisdiction is limited to "cases and controversies."[68] A plaintiff must have standing to sue in order for an action to be a case or controversy.[69] Standing requires a plaintiff show that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[70] A plaintiff must establish that he

---

Teacher Tenure Act in accordance with the Supreme Court's decision in *Loundermill*; 2) a declaratory judgment that Defendant Rowe failed to issue or amend such regulations to implement and enforce the procedural rights established in *Loudermill*, depriving educators like the plaintiff from adequate post-deprivation processes in violation of the Fourteenth Amendment; and 3) injunctive relief requiring Defendant Rowe to issue or amend regulations for Teacher Tenure Hearings and Appeals to incorporate and enforce the procedural requirements set forth in *Loudermill. Id.*

[64] 22 Pa. Code §§ 351.1-10.

[65] *See* Compl. ¶¶ 9-22 [Doc. No. 1].

[66] 22 Pa. Code §§ 351.1-10.

[67] *Verizon Md., Inc.*, 535 U.S. at 645.

[68] U.S. Const. art. III § 2.

[69] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016).

[70] *Id*. at 338.

9

suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."[71] An abstract injury is not sufficient.[72] A "plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct."[73]

"Because the plaintiff must establish that a favorable decision will be likely to redress his injury, the form of relief sought is often critical in determining whether the plaintiff has standing."[74] A plaintiff may have standing to sue for damages but lack standing to sue for injunctive relief.[75] A § 1983 action alleging that a plaintiff's constitutional rights were violated may establish standing to sue for damages, but "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief."[76] To have standing for prospective relief, Plaintiff "must 'establish a real and immediate threat that he would again be [the victim of the allegedly unconstitutional practice.]' "[77]

Plaintiff has failed to allege anything more than past exposure to unconstitutional state action. While he alleges ongoing financial consequences, these consequences are not redressable with injunctive relief. He has failed to establish an actual controversy against Defendant Rowe because he does not allege there is a real likelihood or "immediate threat" that he will be subject to the regulations for Teacher Tenure Hearings and Appeals.[78] Accordingly, Plaintiff lacks

---

[71] *Id.* at 339.

[72] *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983).

[73] *Id.* at 101-02 (internal quotations omitted).

[74] *Brown v. Fauver*, 819 F.2d 395, 400 (3d Cir. 1987).

[75] *Id.*

[76] *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974); *Id.*

[77] *Brown*, 819 F.2d at 400 (quoting *Lyons*, 461 U.S. at 105).

[78] *Id.*

standing to sue Defendant Rowe for injunctive and declaratory relief, and Defendant Rowe's

Motion to Dismiss will be granted.[79] Count I will be dismissed.

## IV. THE SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS

The School District Defendants move to dismiss Counts II, III, IV, and V of the

complaint pursuant to Rule 12(b)(6), asserting several grounds for dismissal.

### A. Collateral Estoppel/Res Judicata

First, the School District Defendants argue the claims against them are precluded by the

Secretary of Education's July 15, 2024 Opinion and Order.[80]

Section 1132 of the Pennsylvania School Code provides that a demoted or terminated

employee may appeal the Secretary of Education's Opinion and Order to the Pennsylvania

Commonwealth Court.[81] Because Plaintiff did not so appeal, the School District Defendants

argue his claims must be treated as fully litigated such that secondary review by this Court would

violate the principles of collateral estoppel and/or res judicata.[82]

While § 1132 renders the administrative procedure binding and precludes future review

by the state courts if it is not appealed, this preclusion does not apply to federal court actions

alleging constitutional violations under § 1983. Issue preclusion, or collateral estoppel, "bars

relitigation of issues adjudicated in a prior action."[83] Claim preclusion, or res judicata, "prohibits

reexamination not only of matters actually decided in the prior case, but also those that the

---

[79] Because Plaintiff lacks standing to sue Defendant Rowe, this Court need not evaluate Defendant Rowe's Motion to Dismiss for failure to state a claim under Rule 12(b)(6).

[80] *See* School Dist. Defs.' Mem. Law Supp. Mot. to Dismiss at 5-6 [Doc. No. 14-1].

[81] 24 Pa. Stat. § 11-1132 ("The ruling or decision of the Secretary of Education shall be final, unless, an appeal is taken in accordance with the provisions of the act of June 4, 1945 (P.L. 1388, No. 442), known as the 'Administrative Agency Law.'").

[82] *See* School Dist. Defs.' Mem. Law Supp. Mot. to Dismiss at 5-6 [Doc. No. 14-1].

[83] *Crossroads Cogeneration Corp. v. Orange & Rockland Utils., Inc.*, 159 F.3d 129, 134 (3d Cir. 1998).

parties might have, but did not, assert in that action."[84] Federal courts must give preclusive effect to state court judgments; however, this requirement applies only to state court decisions, not administrative agency decisions that have not been first reviewed by a state court.[85] In a § 1983 case, "only state administrative factfinding is entitled to preclusive effect in the federal courts when the agency ruling remains unreviewed by state courts."[86]

Here, the administrative decision by the Secretary of the PDE was not reviewed by the state courts because Plaintiff did not appeal the decision to the Commonwealth Court. Accordingly, the decision is not entitled to preclusive effect beyond the factual findings of the agency decision. At the motion to dismiss stage, the Court does not evaluate the sufficiency of factual support for Plaintiff's claims. Plaintiff's legal claims are therefore not precluded by the Secretary's decision.

Nor are Plaintiff's claims barred by a failure to exhaust state administrative remedies. A plaintiff need not exhaust state remedies before bringing a § 1983 claim.[87] "Plaintiffs may bring constitutional claims under § 1983 'without first bringing any sort of state lawsuit, even when state court actions addressing the underlying behavior are available.'"[88]

---

[84] *Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir. 1993).

[85] *Crossroads Cogeneration*, 159 F.3d at 134 (citing 28 U.S.C. § 1738; *Swineford v. Snyder Cnty.*, 15 F.3d 1258, 1266 (3d Cir. 1995); *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 794 (1986)).

[86] *Edmundson*, 4 F.3d at 189 (citing *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 794 (1986)).

[87] *Ahearn v. E. Stroudsburg Area Sch. Dist.*, 848 F. App'x 75, 77 (3d Cir. Mar. 5, 2021) ("The Supreme Court recognized that exhaustion of state remedies is not a prerequisite to an action under § 1983." (citing *Knick v. Twp. of Scott, Pa.*, 588 U.S. 180, 185 (2019))).

While Plaintiff does not specify his claim against Defendant School District as arising under § 1983, he alleges violations of the Fourteenth Amendment, which does not provide an independent cause of action, and later construes it as a § 1983 claim in his response to the School District Defendants' Motion to Dismiss. The Court construes the claim as arising under § 1983.

[88] *Knick v. Twp. of Scott*, 588 U.S. 180, 194 (2019) (quoting D. Dana & T. Merrill, *Property: Takings* 262 (2002)); *see also Porter v. Nussle*, 534 U.S. 516, 523 (2002) ("Ordinarily, plaintiffs pursuing civil rights claims under 42 U.S.C. § 1983 need not exhaust administrative remedies before filing suit in court.").

#### B.  Failure to State a Claim of Violation of Procedural Due Process

To state a claim that his procedural due process rights were violated, Plaintiff must allege that he did not receive process due in the deprivation of a protected liberty or property interest.[89] Due process requires that a deprivation of life, liberty, or property "be preceded by notice and opportunity for hearing appropriate to the nature of the case."[90] "[T]he root requirement" of due process is "that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest."[91] A pretermination hearing is therefore required before the discharge of a tenured employee with a constitutionally protected property interest in his employment.[92]

*Loudermill* does not require a full evidentiary hearing prior to adverse administrative action.[93] The pretermination hearing "should be an initial check against mistaken decisions— essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action."[94] "The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story."[95] "To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee."[96]

---

[89] *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950).

[90] *Id.*

[91] *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971) (emphasis in original).

[92] *Loudermill*, 470 U.S. at 542.

[93] *Id*. at 545.

[94] *Id*. at 546.

[95] *Id.*

[96] *Id.*

"Notice is sufficient, 1) if it apprises the vulnerable party of the nature of the charges and general evidence against him, and 2) if it is timely under the particular circumstances of the case."[97] Plaintiff argues that both aspects of notice were deficient.

First, Plaintiff alleges he was not provided adequate information about the evidence against him.[98] Plaintiff argues that he was entitled to not just "an explanation of the employer's evidence" but also "the materials upon which its allegations are based before the employee is called upon to respond to them."[99]

In providing an explanation of the evidence, an employer must "describe the nature of evidence supporting termination."[100] In *Jennings-Fowler v. City of Scranton*, the Third Circuit held that the plaintiff was not provided due process because her employer failed to adequately describe the nature of evidence supporting her termination.[101] There, the "charges did not provide the requisite description: both used boilerplate language to accuse [plaintiff] of '[t]heft, willful destruction, willful defacement or willful misuse of City Property[,]' and '[i]ntentionally falsifying or altering any City record or report[.]' "[102] When the plaintiff asked whether there was any video or photographic evidence to support the charges, she was falsely told there was not.[103] "The use of boilerplate language in the charges, coupled with the defendants' explicit lie [about

---

[97] *Gniotek v. City of Phila.*, 808 F.2d 241, 244 (3d Cir. 1986).

[98] Compl. ¶ 54 [Doc. No. 1].

[99] *Id.* ¶ 12.

[100] *Jennings-Fowler v. City of Scranton*, 680 F. App'x 112, 116 (3d Cir. 2017).

[101] *Id.*

[102] *Id.*

[103] *Id.*

what evidence they had], denied [the plaintiff] of a sufficient explanation of the evidence against her."[104]

However, "courts have held that due process does not require an employer to provide every piece of evidence relevant to an employee's termination."[105] "[P]retermination notice of the charges and evidence against an employee need not be in great detail as long as it allows the employee 'the opportunity to determine what facts, if any, within his knowledge might be presented in mitigation of or in denial of the charges.' "[106] Therefore, Plaintiff received adequate notice if the evidence described sufficient information such that Plaintiff could determine what facts, if any, within his knowledge might be presented in mitigation or denial of the charges.

Prior to his demotion, Plaintiff received the following. First, he had a meeting with Defendants Duda and Chance where he was asked about the photos of the sphinx and science teacher's shirt; whether he flirted with the science teacher in front of other staff; about a comment he made to the principal about the physical appearance of a parent volunteer; and "about a handful of other sporadic comments [Duda] purportedly heard about during her investigation," which "represent[ed] him as a current and longstanding user of sexual innuendo in the workplace."[107] Second, Plaintiff received a Notice of Allegations including Plaintiff's comment about the physical appearance of the parent volunteer, the sphinx photo, and the photo of the science teacher and claims that Plaintiff "flirts in school with a teacher in front of other staff; shared sexually inappropriate post-it notes with the [s]cience teacher inside his closet door; 'often' made comments with sexual innuendo to or in front of staff during team meetings and

---

[104] *Id.*

[105] *Ashton v. Whitman*, 94 F. App'x 896, 900-01 (3d Cir. 2004).

[106] *McDaniels v. Flick*, 59 F.3d 446, 457 (3d Cir. 1995) (quoting *Gniotek*, 808 F.2d at 244).

[107] Compl. ¶¶ 35-38 [Doc. No. 1].

lunch, causing at least one staff member to stop having lunch with him; and commented about a former administrative assistant's chest size."[108] Third, Plaintiff received a *Loudermill* hearing, which he attended with an attorney.[109] At the hearing, which was nearly two hours long,[110] Plaintiff was questioned about: flirting with the science teacher in front of other staff; making comments with sexual innuendo to or in front of other staff; a set of ten emails sent between Plaintiff and other colleagues which were read to Plaintiff; comments made during lunch which caused at least one staff member—whose name was provided to Plaintiff during the hearing—to stop having lunch with Plaintiff; jokes of a sexual nature that Plaintiff made at team meetings; comments about a former administrative assistant—whose name was also provided; and sharing sexually inappropriate post-it notes with the science teacher.[111] Fourth, the Board issued a Notice of Charges restating the claims from the Notice of Allegations.[112] Fifth, Plaintiff received a hearing before the School Board, which considered as evidence the *Loudermill* hearing transcript.[113] Plaintiff, again represented by counsel, was questioned at the hearing regarding statements he made at the *Loudermill* hearing.[114] Again, Plaintiff was asked about the ten emails presented at the *Loudermill* hearing.[115] Defendant Duda also testified at the hearing, claiming a staff member made a complaint to the principal, which triggered the investigation.[116] She testified that she interviewed upwards of ten staff members who made additional complaints or

---

[108] Compl. ¶¶ 43-44 [Doc. No. 1].

[109] *Id*. ¶¶ 50-52.

[110] *Id*. ¶ 58.

[111] *Id*. ¶¶ 60-73.

[112] *Id*. ¶ 82; Notice of Allegations, Sch. Dist. Defs.' Reply Supp. Mot. to Dismiss [Doc. No. 23-1].

[113] Compl. ¶¶ 83, 86 [Doc. No. 1].

[114] *Id*. ¶¶ 87, 96.

[115] *Id*. ¶ 88.

[116] *Id*. ¶ 89.

allegations in the course of her investigation.[117] Plaintiff's counsel cross examined Defendant Duda on her testimony.[118] Only after an initial meeting and two hearings, at which Plaintiff was represented by counsel, did the School Board officially demote Plaintiff.[119]

Accepting as true all of Plaintiff's factual allegations, Plaintiff received sufficient notice of the charges and summary of evidence against him. While he construes the allegations about his inappropriate behavior as "boilerplate,"[120] the School District Defendants provided sufficient information such that Plaintiff had the opportunity to determine what facts within his knowledge might have been presented in mitigation or denial. Indeed, for many of the claims, Plaintiff presented information in an attempt to mitigate the allegations.[121] When Plaintiff did not recall an instance alleged, he was provided information that prompted memories about potentially relevant interactions. Much of Plaintiff's complaint makes mitigation arguments, including that a substantial period of time had passed or that the impact of certain actions did not align with his intention. Plaintiff was not entitled to full discovery or details of every complaint, interview, or piece of information included in Defendant Duda's investigation. But even so, he received adequate notice of the charges and a summary of the evidence such that he could make any "plausible arguments that might . . . prevent [the] discharge."[122]

Plaintiff also argues he did not receive timely notice of the charges against him. He states he was "ambushed" at the *Loudermill* hearing and at the hearing before the Board with evidence

---

[117] *Id*. ¶ 90.

[118] *Id*. ¶¶ 93-97.

[119] *Id*. ¶¶ 100-105.

[120] *Id*. ¶ 44.

[121] *Id*. ¶¶ 59-73.

[122] *Fraternal Ord. of Police Lodge No. 5 v. Tucker*, 868 F.2d 74, 79 (3d Cir. 1989) (quoting *Loudermill*, 470 U.S. at 544).

of emails, reports of complaints to the principal, and claims that Defendant Duda interviewed over 10 people in the course of her investigation.[123] He alleges that he should have been provided this information about the evidence against him prior to his hearings. However, contrary to Plaintiff's claims, "advance notice is not required."[124] Further, the entire process between initial notification and Plaintiff's final demotion lasted over three months, so Plaintiff had adequate timely notice.

Due process requires pre-termination notice of the charges and a general description of evidence against the employee, but it does not require pre-hearing discovery or disclosure of evidence. At the hearings, Plaintiff was represented by counsel and had the opportunity to refute the claims against him, cross-examine witnesses, and testify in his defense. He received due process before his demotion.

Because Plaintiff received the process due to him, the Court need not decide whether he had a legitimate property interest in continued employment as an Assistant Principal, rather than as a teacher.

Accordingly, Plaintiff has failed to state a claim of violation of due process by the School District Defendants. The School District's Motion to Dismiss Counts II, III, IV, and V will be granted.[125]

---

[123] Compl. at 2 [Doc. No. 1]; Pl's. Surreply Opp. Defs.' Mot. to Dismiss at 2 [Doc. No. 24].

[124] *Gniotek v. Phila.*, 808 F.2d at 244; *see also Copeland v. Phila. Police Dep't,* 840 F.2d 1139, 1144-46 (3d Cir. 1988) (finding a police officer's procedural due process right was not violated where satisfied where he was (1) notified he tested positive for illegal drug use, (2) was permitted to respond, and (3) was told he would be suspended with intent to dismiss, all within a single interview).

[125] While the School District Defendants also respond to purported claims of violations of substantive due process, Plaintiff's complaint does not explicitly allege substantive due process violations and Plaintiff confirms he does not allege a violation of substantive due process. Pl's. Resp. Opp. Sch. Dist. Defs.' Mot. to Dismiss at 12-13 [Doc. No. 20]. Accordingly, the Court does not address substantive due process claims.

**V.      CONCLUSION**

For the foregoing reasons, the Court will grant Defendant Rowe's Motion to Dismiss Count I and the School District Defendants' Motion to Dismiss Counts II, III, IV, and V. Accordingly, Plaintiff's complaint will be dismissed in its entirety. An order will be entered.